Williams, J.
The controlling facts which are admitted, are (1) that the Canadian Copper Company, and the Anglo American Iron Company., are both corporations organized under the laws of this state, in 1886, and have since continued to be such corporations, each haying its principal office in the city of Cleveland; (2) that since the incorporation of each company its property, except some inconsequential part, has been situated in the Dominion of Canada, beyond the taxing jurisdiction of this state, and has not been taxed nor returned for taxation in this state; and (3) that the defendant in error, was during that time, and still is a citzen and resident of the city of Cleveland, and the owner of a number of the shares of the stock of each of the companies, as alleged in his petition, which he omitted to return for taxation, and the county auditor caused the same to be entered on the duplicate of Cuyahoga county, and charged thereon against the defendant in error, the current taxes for the omitted years, with the statutory penalties;
These taxes it is claimed were illegally assessed and should be enjoined for the reason that the shares of stock held by the defendant in error in each of the corporations are exempt from taxation. This exemption is sought to be sustained under the provision of sections 2744, and 2746, of the Revised Statutes, which, as claimed by counsel, should be considered and construed together. They read as follows:
“Section 2744: The president, secretary, and principal accounting officer of every canal or slackwater *538 navigation company, turnpike company, plank-rqad company, bridge company, insurance company, telegraph company, or other joint stock company, except banking or other corporations whose taxation is specifically provided for, for whatever purpose they may have been created, whether incorporated by any law of this state or not, shall list for taxation, verified by the oath of the person so listing, all the personal property, which shall be held to include all such real estate as is necessary to the daily operations of the company, moneys and credits of such company or corporation within the state, at the actual value in money, in manner following: In all cases return shall be made to the several auditors of the respective counties where such property may be situated, together with a statement of the amount of said property which is situated in each township, village, city or ward therein. The value of all movable property shall be added to the stationary and fixed property and real estate and apportioned to such wards, cities, villages, or townships, pro rata, in proportion to the value of the real estate and fixed property in said ward, city, village, or township, and all property so listed shall be subject to and pay the same taxes as other property listed in such ward, city, village or township. It shall be the duty of the accounting officer aforesaid to make return to the auditor of state during the month of May of each year of the aggregate amount of all property by him returned to the several auditors of the respective counties in which the same may be located. It shall be the duty of the auditor of each county, on or before the first Monday of May, annually, to furnish the aforesaid president, secretary, principal accounting officer, or agent the necessary blanks for the purpose of making aforesaid *539 returns; but no neglect or failure on the part of the county auditor to furnish such blanks shall excuse any such president, secretary, principal accountant, or agent, from making the returns within the time specified herein. If the county auditor to whom returns are made is of the opinion that false or incorrect valuations have been made, or that the property of the corporation or association has not been listed at its full value, or that it has not been listed in the location where it properly belongs, or in cases where no return has been made to the county auditor, he is hereby required to proceed to have the same valued and assessed: provided, that nothing in this section shall be so construed as to tax any stock or interest in any joint stock company held by the state.”
Section 2746: “Personal property of every descrip' .tion, moneys and credits, investments in bonds, stocks, joint stock companies, or otherwise, shall be listed in the name of the person who was the owner thereof on the day preceding the second Monday of April, in each year; but no person shall be required to list for taxation any share or shares of the capital stock of any company, the capital stock of which is taxed in the name of such company.”
Inasmuch as the capital stock of neither of the companies in question has ever been taxed in this state in the name of the company, the claimed exemption of the investments in their stocks, is not within the express terms of section 2746. The argument in support of that claim, when brought to its final analysis, is that, because all domestic corporations are required by section 2744, to list for taxation all of their personal property within the state, the provision of section 2746, for the exemption of investments in their stocks, becomes applicable and operative, though in *540 fact no return is made of, nor tax imposed on the property of the corporation. In other words, it is urged that the requirement imposed upon such corporations to make return of their property, takes the place of actual return and taxation, ..and makes the exemption available, though the requirement be not complied with; the test of the exemption being, it is said, not in the location or situs of the property, nor in the fact of its actual taxation, but solely in the fact that the corporation is a domestic one, which is required to list its property. That construction, it must be admitted, changes, and somewhat enlarges the terms of the exemption as expressed in the statute. It will be observed that no distinction is made by section 2744 between domestic and foreign corporations with respect to their duty of listing their property for taxation. Its language is that, every corporation (except those whose taxation is otherwise specifically provided for) “for whatever purpose they may have been created, whether incorporated by any law of this state or not, shall list for taxation, all the personal property, which shall be held to include all such real estate as.is necessary to the daily operations of the company, moneys and credits of such company or corporation within the state, at the actual value in money,” etc. Nor is any distinction made by section 2746, with respect to the right of exemption from taxation of investments in the stocks of domestic corporations, and in those of foreign corporations. Its language is that, “no person shall be required to list for taxation any share or shares of the capital stock of any company, the capital stock of which is taxed in the name of such company.” So that, investments in the stocks of any corporation, foreign as well as domestic, are exempt from taxation when the capital *541 stock of the corporation is taxed in its name in this state; and no investment in the stocks of either class of corporations is so exempt, unless its capital stock is so taxed in its name. The obligation imposed by the statute upon each class of corporations to return their property for taxation, is not equivalent to its actual return and taxation, nor sufficient to entitle the shareholder to the exemption of his shares from taxation. The purpose of this provision of section 2746, was, as is declared in Bradley v. Bauder, 36 Ohio St., 28, “to exempt from taxation the shares of stock in (all ) corporations, where the state had exercised the right to tax the capital stock in the name of the company,” but not otherwise. The right of exemption, therefore, cannot arise where the property of the corporation is situated without the limits and taxing jurisdiction of the state, for in such case there is no means by which the right or power of the state to tax the property in the name of the corporation can be exercised. It seems to be settled by the former adjudications of this court that the term “capital stock,” as used in section 2746, includes the personal property which by section 2744, corporations are required to return for taxation: Jones v. Davis, 35 Ohio St., 476; Lee v. Sturges, 46 Ohio St., 160; Hubbard v. Brush, 61 Ohio St., 255; Sturges v. Carter, 114 U. S., 511. And, since our taxing statutes can have no extra territorial operation, nor the taxing power of the state be exercised beyond is territorial limits, the tangible property of domestic corporations situated outside of the state necessarily escapes taxation here. Shares of their stock, however, held by citizens of this state, are within the control of the statute, and are made the subject of taxation separate and distinct from the corporate property. Investments in corporate *542 stocks are classified with investments in bonds and other securities, and the former like the latter are generally income producing and profitable investments, and subject to the same rules of taxation, except, however, that the former are exempted from taxation under the statute, when the property of the corporation is taxed in this state. The right to this exemption does not depend upon whether the corporation is a foreign or domestic one, nor on the statutory duty to make return of its corporate property, but upon its actual return and taxation in this state. Hubbard v. Brush, 61 Ohio St., 252. This is as far as any right of exemption is expressly given. The court is without power to enlarge it. The statutory rule on the subject is contained .in section 2731, which provides that: “All property whether real or personal in this state, and whether belonging to individuals or corporations; and all moneys, credits, investments in bonds, stocks, or otherwise, of persons residing in this state, shall be subject to taxation, except only such as may be expressly exempted therefrom.” And it is the rule adopted by the courts that there can be no exemption of property from taxation unless the right of exemption is plainly expressed. Lee v. Sturges, 46 Ohio St., 157; Cincinnati v. State, 19 Ohio, 110, 115; Sturges v. Carter, 114 U. S., 511.
It is argued by counsel for the plaintiff in error that the two companies in question became foreign corporations by accepting from the Canadian government grants of the right to purchase and own real estate in that dominion for mining purposes, and to work the same, and the ore obtained in the carrying on of their business. In the view we have taken of the case, as already expressed, this question is not so important. If it were otherwise, the authorities cited *543 by counsel would require a negative answer to the question. We think the courts below erred in sustaining the demurrer to the answer, and their judgments are,

Reversed and cause remanded with instructions to overrule the demurrer, and for further proceedings.

Minshall, C. J., Burket and Speak, JJ., concur.